IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILAGROS SANTIAGO CINTRON

Plaintiff

v.

LA PARRILLA ARGENTINA, INC.

Defendant

Civil No. 98-2010(SEC)

*******************************

## ORDER

Pending is plaintiff's motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) (**Docket # 42**), which defendant vigorously opposes (**Docket # 43**). According to defendant, dismissal should be with prejudice and with the imposition of costs and attorney's fees. Because the record does not require a finding of legal prejudice, the Court denies defendant's requests (**Docket # 43**), and grants plaintiff's motion (**Docket # 42**).

In light of this ruling, the following motions are **MOOT**: "Request for Limitation of Potential Damages Due Statutory Caps and to Strike Jury Request on Equitable Remedies" (**Docket # 27**); Defendant's motion for summary judgment (**Docket # 40**); and "Motion Requesting Ruling on Voluntary Dismissal or in the Alternative, Extension of Time . . . ." (**Docket # 44**). Furthermore, plaintiff's "Motion Requesting Leave of Court to File Reply . . . ." (**Docket # 45**) is hereby **GRANTED**. The Clerk of the Court shall file plaintiff's reply.

Plaintiff filed this action on September 4, 1998, seeking both equitable relief and compensatory damages under Title VII, 42 U.S.C. § 2000e-2, and various provisions of the United States Constitution. (**Dockets # 1 and # 8**). Since then, the parties have conducted significant discovery; at least two status conferences have been held before the Magistrate Judge; and defendant

AO 72A
(Rev. 8/82)

**Civil No. 98-2010(SEC)**                                                                                                 2

has moved for summary judgment. It must be noted that prior to filing this action, plaintiff had filed an action stemming from the same underlying facts before the Commonwealth Court of First Instance, Mayagüez Part.

The decision to grant a motion under Fed. R. Civ. P. 41(a)(2) is committed to the sound discretion of the trial court. See Puerto Rico Marine Shipping Authority v. Leith, 668 F.2d 46, 49 (1st Cir. 1981) (hereinafter "Leith"). The main purpose of Rule 41(a)(2) "is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Id. at 50 (citation and internal quotation marks and alterations omitted); see also Alamance Ind., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied 368 U.S. 831 (1961) (purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit imposition of curative conditions."). Dismissal under the rule should be allowed "unless the court finds that the defendant will suffer legal prejudice." Leith, 668 F.2d at 50.

As reasons for dismissing this action, plaintiff asserts that "[a]fter the filing of the federal action, [she] became unemployed thus hindering her ability to pay for the expenses regarding this action. At this time, she has not paid for the transcriptions and translations of the depositions taken on her behalf and she cannot afford to pay professional fees for the testimony of her expert . . . in both courts." **(Docket # 42**, at ¶ 4). She states, moreover, that "[a]lthough [she] believes she is entitled to a federal remedy, her financial situation has forced her to move for voluntary dismissal . . . ." **(Id. at ¶ 5)**.

Defendant opposes the dismissal of this action without prejudice alleging that plaintiff moved for dismissal to avoid facing defendant's pending motion for summary judgment. Defendant also requests that costs and attorney's fees be imposed primarily because "the preparation of the motion

AO 72A
(Rev. 8/82)

**Civil No. 98-2010(SEC)** 3

for summary judgment . . . [required] a considerable investment on attorney's fees, costs and litigation expenses, exclusively related to a litigation in federal court, that can only be recuperated in this forum." (**Docket # 43**, at ¶ 11).

First, while defendant's motion for summary judgment predates plaintiff's motion for voluntary dismissal by 2 days, plaintiff had not yet received it when she moved for dismissal. (Plaintiff's Reply Brief, at 4). Therefore, it can hardly be said that she moved for dismissal to avoid defendant's motion for summary judgment. Plaintiff's repeated requests for an alternative extension of time to oppose defendant's motion confirms this. In their opposition to the instant motion, moreover, defendant asserts that at a conference before the Magistrate Judge, it had "disclosed" its intention to move for summary judgment. (**Docket # 42**, at 3 n.1). While it may be proper to require that dismissal of the plaintiff's action be with prejudice once the defendant has moved for summary judgment, nothing requires the imposition of such condition merely because the defendant is contemplating such course of action. As it appears from the record, at the time plaintiff moved for dismissal, it was not yet <u>certain</u> that defendant would move for summary judgment.

Second, the discovery in this case is not wasted because it remains relevant to plaintiff's suit before the Commonwealth court. See Leith, 668 F.2d at 50 (taking this factor into consideration in granting a Rule 41(a)(2) motion). To be sure, Rule 29.1 of the Rules of Civil Procedure for the Commonwealth of Puerto Rico, P.R. Laws Ann. tit. 32, App. III, R. 29.1 (1983) specifically allows the use in the courts of the Commonwealth of depositions taken in connection with an action before any federal court. Moreover, according to plaintiff, her attorney had on various occasions explored with defendant's counsel the possibility of voluntarily dismissing this action, but to no avail because defendant insisted to "continue until the end and regardless of plaintiff's economic condition . . . ."

**Civil No. 98-2010(SEC)** 4

(Plaintiff's Reply Brief, at 3).

Third, it is settled that in disposing of a motion under Rule 41(a)(2), "the court should endeavor to insure that substantial justice is accorded **to both** parties." 9 Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364, at 278 (footnote omitted). Thus, in making its determination, the court should accord "the equities of the plaintiff... whatever weighT they may deserve." Id. at 297 (footnote omitted). In this case, plaintiff's economic situation deserves carries substantial weighT under the circumstances. The record reveals that throughout this litigation, plaintiff has acted diligently, having complied with the orders of both the Court and the Magistrate. There is no indication that her motion for voluntary dismissal is not being made in good faith. See Leith, 668 F.2d at 50 (taking this factor into consideration in granting a Rule 41(a)(2) motion). Plaintiff should not be penalized for having exercised her Title VII rights.

Fourth, defendant does allege that it will be precluded from raising any defense or asserting any claim in the Commonwealth suit. See id. (taking this factor into consideration in granting a Rule 41(a)(2) motion).

For the foregoing reasons, the Court concludes that the record does not require a finding that defendant will suffer legal prejudice because of the dismissal of this action without prejudice and without the imposition of costs or attorney's fees. Accordingly, defendant's request for dismissal with prejudice, assessment of costs and imposition of attorney's fees **(Docket # 43)** is hereby **DENIED**. Plaintiff's motion for voluntary dismissal **(Docket # 42)** is hereby **GRANTED**. Notwithstanding, in the event that plaintiff refiles her action in this Court, the proceedings shall be stayed until payment of the costs associated with the instant action is made. See Fed. R. Civ. P. 41(d). Judgment shall follow accordingly.

Civil No. 98-2010(SEC)                                                                 5

**SO ORDERED.**

In San Juan, Puerto Rico, this 19TH day of April, 2000.

*[signature]*
SALVADOR E. CASELLAS
United States District Judge